IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNELL ELLISON, TONNY BLAKE, and JOHN KNIGHTEN, JR., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO. 2:18-CV-573-WKW [WO] |
| ANTHONY PETER ATTALLA and STRONG STEEL OF ALABAMA, LLC, | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Rule 12(b)(6) motion to dismiss (Doc. # 7) and Plaintiffs' Brief in Opposition (Doc. # 13). Because the complaint (Doc. # 1) alleges facts sufficient to state each of Plaintiffs' claims, the motion to dismiss is due to be denied.

## I. STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The "plausibility" requirement does not require a plaintiff to prove her claim at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery could reveal evidence of the defendant's liability. *Twombly*, 550 U.S. at 556; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## II. BACKGROUND

Plaintiffs Donell Ellison, Tonny Blake, and John Knighten, Jr. are black males who applied to work at Strong Steel of Alabama, LLC, when they saw its advertisement for jobs starting at $15.00 to $16.00 per hour. (Doc. # 1, at 2, 4–5.) Plaintiffs began work for Strong Steel as skilled laborers or framers between March and July 2016. (Doc. # 1, at 2, 4.) Contrary to the advertised starting salary, Plaintiffs were paid between $9.00 and $10.00 per hour. (Doc. # 1, at 2, 4.) In or about August 2016, Plaintiffs learned that several white employees were receiving higher wages for the "same work." (Doc. # 1, at 3, 4–5.) Additionally,

in September 2016, a noose was discovered hanging in the workshop. (Doc. # 1, at 5.)

On December 30, 2016, Plaintiffs filed charges with the Equal Employment Opportunity Commission (EEOC) alleging they were discriminated against based on race. (Doc. # 1, at 3–5.) On January 30, 2017, Plaintiffs were called into their boss's — Defendant Attalla's — office "and told they were being terminated. During their meeting with Attalla, he placed the EEOC charges on his desk for [Defendants] to see." (Doc. # 1, at 3–5.) Plaintiffs brought this suit alleging racial discrimination and retaliation, in violation of 42 U.S.C. § 1981. (Doc. # 1, at 5.)

### III. DISCUSSION

Defendants claim that even if all the facts in the complaint are true, Plaintiffs still fail to state a plausible claim. (Doc. # 7, at 1.) The court disagrees. Paragraphs 1–35 of the complaint (Doc. # 1) contain sufficient factual content to draw a "reasonable inference" that Defendants are liable for the alleged misconduct. *Twombly,* 550 U.S. at 556. Specifically, Plaintiffs support their race discrimination and retaliation claims with the following factual allegations: Plaintiffs are members of a protected class; Plaintiffs applied for jobs that were advertised as paying $15.00 to $16.00 per hour; Defendant Attalla told at least one Plaintiff that his pay would be increased to the advertised hourly wage after 90

3

days, but 90 days came and went without the promised increase; Plaintiffs were in fact paid between $9.00 and $10.00 per hour; white workers doing the same work (five of whom are identified by name) were paid more than Plaintiffs; a noose was discovered hanging in the workshop; and finally, four weeks after Plaintiffs filed EEOC charges, their boss called them to his office, placed those EEOC charges on the desk in front of them, and fired them. (Doc. # 1, at 2–6; Doc. # 13, at 4–5.) These allegations provide the requisite detail to demonstrate that Plaintiffs' claims of racial discrimination and retaliation are plausible.

First, Defendants challenge whether the complaint sufficiently alleges that they engaged in intentional racial discrimination in terminating Plaintiffs' employment. They contend that Plaintiffs' allegations that similarly situated white employees were treated more favorably are too conclusory from which to infer intentional discrimination.

A prima facie claim of racial discrimination under § 1981 requires a plaintiff to allege "that the defendant intended to discriminate on the basis of race." *Jackson v. BellSouth Telecommc'ns.*, 372 F.3d 1250, 1270 (11th Cir. 2004); *Tarvin v. DirecTV*, No. 2:15-CV-01237-AKK, 2016 WL 6246813, at *3 (N.D. Ala. Sept. 13, 2016) ("In the intentional discrimination context, a claim has facial plausibility when the plaintiff pleads facts showing that the employer acted with discriminatory

intent, or treated similarly situated employees in the non-protected class more favorably."). The complaint identifies by name five Strong Steel employees — who were white, who were paid by the hour, who performed the "same or similar work" as Plaintiffs, some of whom shared the same job title as Plaintiffs, and who were paid more than Plaintiffs. (Compl. ¶¶ 10, 19, 25, 30.) To be sure, Plaintiffs could have done more to bolster this aspect of the complaint. The complaint's legal conclusion that the five white employees were "similarly situated" to Plaintiffs does leave the reader with some factual questions. Were they similarly situated merely by their position or title (which is alleged) or also by their experience and training (which is not alleged)? When were the white comparators hired? What jobs were advertised? Although the allegations pertaining to similarly situated comparators walks the *Twombly* line between "conceivable" and "plausible, there are enough facts to "nudge" the racial discrimination claims to the plausible side. *See Twombly*, 550 U.S. at 570; *Resnick*, 693 F.3d at 1321–22.

Second, as to the retaliation claims, the United States Supreme Court has held that § 1981 covers claims for retaliation. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008). To establish a prima facie case of retaliation under § 1981, a plaintiff must show that: (1) "he engaged in statutorily protected activity"; (2) "he suffered an adverse employment action"; and (3) "he established

a causal link between the protected activity and the adverse action." *Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009). Plaintiffs allege that four weeks after they filed EEOC charges, their supervisor called them into his office, "placed the EEOC Charges on his desk" for Plaintiffs "to see," and fired them. (Compl. ¶¶ 15, 21, 27.) These allegations suffice under *Twombly* by showing a four-week temporal proximity between their supervisor's knowledge of their protected activity (*i.e.*, the filing of the EEOC charges) and the adverse employment actions (*i.e.*, the terminations). *Cf. Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (holding that a seven-week time frame between the employer's knowledge of the plaintiff's filing of an EEOC charge and his firing satisfied the causal nexus for purposes of a retaliation claim under the Age Discrimination in Employment Act); *see also McCullough v. Bd. of Regents of the Univ. Sys. of Georgia*, 623 F. App'x 980, 983 (11th Cir. 2015) (Although plaintiff "need not plead a prima facie case to survive dismissal" under Rule 12(b)(6), the complaint's allegations "must be sufficient to 'raise a right to relief above the speculative level.'").

Defendants also argue that the claims are subject to dismissal because Plaintiffs fail to allege that their terminations were not "for cause" or were not the result of a "50% workforce reduction." (Doc. # 7, at 9.) Defendants' argument is

6

misguided because to survive a Rule 12(b)(6) motion, the complaint need not rebut a non-retaliatory or non-discriminatory basis for termination. Those inquiries are part of the second and third stages of the *McDonnell Douglas* framework and are more appropriate for consideration at the summary judgment stage. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) ("*McDonnell Douglas*'s burden-shifting framework is an evidentiary standard, not a pleading requirement." (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

Overall, experience and common sense raise a reasonable expectation that Plaintiffs' claims are plausible and that discovery could reveal evidence of Defendants' liability. *See Chaparro*, 693 F.3d at 1337.

## IV. CONCLUSION

The factual allegations in Plaintiffs' complaint state claims on both counts. Accordingly, it is ORDERED that Defendants' motion to dismiss (Doc. # 7) is DENIED. It is further ORDERED that, on or before **December 20, 2018**, Defendants shall respond to the complaint.

DONE this 11th day of December, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE